UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-01891-MCS-AYP** | Date | March 5, 2026 |
| Title | ***Pinedo-Rios v. Lyons*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OR TRANSFER**

Petitioner Michael Salvattory Pinedo-Rios brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an emergency motion for a stay of removal. (Mot., ECF No. 2.) The Court ordered briefing on the motion. (Order Setting Br. Schedule, ECF No. 4.) In their response, Respondents Todd M. Lyons, Kristi Noem, U.S. Department of Homeland Security, Pamela Bondi, and Executive Office for Immigration Review argue that this Court lacks subject-matter jurisdiction over the petition because Petitioner has never been detained within the territorial jurisdiction of this District. (Resp., ECF No. 5.) An attachment to the petition indicates that Petitioner had been detained in Florence, Arizona, within the territorial jurisdiction of the District of Arizona, at the time he filed the petition, and he is presently detained in California City, California, within the territorial jurisdiction of the Eastern District of California. (Resp. Ex. A, ECF No. 5-1.) That said, Respondents have not authenticated the attachment, Fed. R. Evid. 901, nor have they justified their decision to transport Petitioner from Florence to California City in the face of a court order forbidding his transfer "out of the territorial jurisdiction of the Central District of California," (Order Setting Br. Schedule 2).

---

Page **1** of **2**           **CIVIL MINUTES – GENERAL**           Initials of Deputy Clerk SMO

District courts may only grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Accordingly, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). This includes habeas petitions challenging immigration detention. *See Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).

The Court vacates the hearing on Petitioner's motion and orders Petitioner to show cause why the action should not be dismissed or transferred to another district. 28 U.S.C. § 1406(a). Petitioner shall respond in writing by Tuesday, March 10, 2026, at 12:00 p.m. Failure to timely and satisfactorily respond will result in dismissal or transfer of this case to the Eastern District of California without further warning. In lieu of a response, Petitioner may file a notice of dismissal of this action, as initiating a new habeas proceeding in the district of confinement may avoid the administrative delays of transfer.

**IT IS SO ORDERED.**